# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                    **4:14-CR-00250-03-JM**

**JACQUELINE D MILLS**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 464) is DENIED.

**I.   BACKGROUND**

On April 6, 2017, a jury found Petitioner guilty of conspiracy to commit wire fraud and bribery concerning programs receiving federal funds as well as numerous counts of wire fraud, bribery, and money laundering.[1]  On December 6, 2017, she was sentenced to 150 months in prison.[2]  The Eighth Circuit affirmed the conviction and sentence.[3]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[4]

Before a Defendant may seek compassionate release under the First Step Act, she must first make the request with the Bureau of Prisons and exhaust her administrative remedies there.[5]

---

[1] Doc. No. 201.

[2] Doc. Nos. 293, 295.

[3] Doc. No. 331.

[4] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

1

Defendant alleges that she requested compassionate relief from the warden. However, thirty days has passed since she submitted the request and she has yet to receive a response. Accordingly, this Court has jurisdiction to consider the request.

Defendant seeks compassionate release based on a "litany of serious and potentially life-threatening medical issues."[6] First, obesity, hypertension, chronic kidney disease, and cardiac disease are not "extraordinary and compelling" reasons warranting release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[7] None of Defendant's conditions are listed. Defendant's health issues are common, so there is nothing extraordinary and compelling about them.[8] Furthermore, Defendant has provided no argument or evidence that her health conditions are not controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons

---

[5] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[6] Doc. No. 464.

[7] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (I) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(I) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[8] *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(I).").

for release."[9]   Third, Defendant is 45 years old and has served about 20% of her sentence, which means she does not meet the age and minimum served-time requirement under the Guidelines. Fourth, Defendant's assertion that her mother "is the sole caretaker" of her daughter and is "nearly incapable" of caring for Defendant's daughter does not justify release.   The Guidelines require "death or incapacitation of the caregiver of the defendant's minor child . . . ."[10] Defendant does not allege that her mother is incapacitated.   Furthermore, the attached documentation does not support a finding that Defendant's mother is incapacitated.   According to the medical records, Defendant's mother is 67 years old and had heart surgery in April 2019. This is not incapacitation.

Even if Defendant could establish extraordinary and compelling reasons, her request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Although Defendant has only one prior conviction only for writing a bad check, she continued to engage in fraudulent behavior during the investigation of the instant offense. Specifically, Defendant asked people to lie on her behalf regarding feeding sites and the number of children fed at those sites.   Additionally, she created fraudulent receipts and documentation in attempt to hide her criminal behavior.

The severity of the instant offenses must also be considered.   Defendant was involved in a years-long scheme to fraudulently obtain USDA program funds intended to ensure that financially disadvantaged children were provided good nutrition when they were not in school. Defendant ran feeding program sites in several location in eastern Arkansas and received over

---

[9] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

[10] U.S.S.G. § 1B1.13 cmt. 1(C)(I).

$2.5 million in federal funds. She also bribed DHS employees so that they would automatically approve the fraudulent feeding claims and so they would help Defendant avoid DHS scrutiny of her fraudulent claims.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 464) is DENIED.

IT IS SO ORDERED, this 10th day of August, 2020.

_____
James M. Moody Jr.
United States District Judge