IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.                                        4:14CR00250 JM

JACQUELINE MILLS

**ORDER**

Jacqueline Mills was involved in a scheme to fraudulently obtain monies from the United States, money intended to feed children in low-income areas. A jury convicted Mills of 1 count of conspiracy to commit wire fraud, 25 substantive counts of wire fraud, 3 counts of money laundering, and 10 counts of bribery. Following the verdict, FBI Forensic Accountant Katherine Black testified before the jury that she had traced Mills's fraud proceeds and found that specified properties and monies were traceable to the proceeds. The jury deliberated again and found that each of the properties discussed by Ms. Black constituted or were derived from Mills's participation in the scheme and that the property was involved in her money laundering offenses. In light of the jury's findings, the Court issued a preliminary order of forfeiture of all of the properties and monies.

The preliminary order of forfeiture authorized the United States to provide notice to any third party who may claim an interest in the seized property. Rosie and John Farr filed a petition asserting an interest in the following property: (1) $187,640.67 seized from Southern Bancorp account number xxx1086, (2) $152,977.27 seized from Southern Bancorp account number xx5371, (3) $9,000 withdrawn from Southern Bancorp account number xxx1086 and seized from Rosie Farr, (4) $103,555.14 seized from Southern Bancorp CD number xxx9049, and (5) $8,723.76 seized from Helena National Bank account number xxx9182. John Farr

also filed a petition asserting an interest in the $187,640.67 seized from Southern Bancorp account number xxx1086.

After the Farrs challenged the forfeiture, the United States asked the Court to invoke paragraph 9 of the preliminary order of forfeiture and to permit it to use civil discovery tools to explore the Farrs' petitions. The Court granted the request. In February 2018, the United States served the Farrs with requests for admission, interrogatories, and requests for production of documents. Rosie and John Farr responded to the requests for admission later that month by denying each requested admission and promising to supplement the answers within 15 days. Weeks later, Rosie Farr responded to the interrogatories and requests for production of documents. Rosie Farr's responses did not include a deposit analysis of any of the accounts at issue in the ancillary proceeding.

On April 22, 2020, the United States filed a motion for forfeiture and summary judgment of the Farrs' petition. The Farrs did not respond. Based upon the evidence provided by the United States, the Court granted the motion for summary judgment and entered the Final Order of Forfeiture on June 2, 2020. Twenty days later, Rosie Farr filed a pro se motion asking the Court to reconsider the decision to grant summary judgment. Ms. Farr states that she and her husband had been ill, that she had hired a lawyer and did not know that he was not doing his job.

Criminal forfeiture proceedings are guided by Federal Rule of Criminal Procedure 32.2. Rule 32.2 explicitly authorizes discovery and summary judgment under the Federal Rules of Civil Procedure. Therefore, a third-party claimant with proper grounds may move to reopen the Rule 32.2(c) ancillary proceeding under Civil Rule 60(b). Ms. Farr's motion is deemed a motion to reopen or for relief from judgment. Federal Rule of Civil Procedure 60(b) states:

>Grounds for Relief from a Final Judgment, Order, or Proceeding.
>
>On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>(1) mistake, inadvertence, surprise, or excusable neglect;
>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "'Excusable neglect means good faith and some reasonable basis for noncompliance' and 'an attorney's carelessness or busy schedule does not constitute 'excusable neglect.'" *United States v. Puig*, 419 F.3d 700, 702 (8th Cir. 2005) (quoting *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997)); *see also Noah v. Bond Cold Storage*, 408 F.3d 1043, 1044 (8th Cir. 2005).

Ms. Farr has not presented newly discovered evidence or evidence of fraud, misrepresentation, or misconduct by the Government. The judgment is not void and has not been satisfied. The only reason Ms. Farr has given the Court for relieving her from the final order of forfeiture is lack of diligence by her counsel. However, that is not a circumstance justifying relief under Rule 60(b). *See also United States v. Moser,* 586 F.3d 1089, 1092-94 (8th Cir. 2009) (recognizing that ancillary proceeding is more civil in nature than criminal); *Freeman v. Corizon Health, Inc*., 778 Fed. Appx. 410, 411 (8th Cir. 2019) (affirming an award of summary judgment in Section 1983 action and explaining, in part, that the plaintiff "had no constitutional right to counsel in this civil case, his remedy for any inadequate assistance of counsel is a legal malpractice suit, not reversal of the judgment").

The United States points out that the Farrs have had two and a half years to come forward with proof that they have a legal interest in the property foreclosed upon. They have not done so. Only one account lists Rosie Farr as an owner, in addition to Jacqueline Mills. The Court and jury heard testimony from FBI Forensic Account Katherine Black that the money in this account was derived from Mills's crimes. Ms. Farr has not provided any evidence to prove otherwise. *See* 21 U.S.C. § 853(n)(6) (stating third party has burden of proof by a preponderance of the evidence.) For this reason, the Court will not reopen and reconsider the Order.

The motion to reconsider filed by Rosie Farr (ECF No. 456) is DENIED.

IT IS SO ORDERED this 10th day of August, 2020.

_____
James M. Moody Jr.
United States District Judge